UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LOUIS BOY WINTERS,

    Petitioner,

v.

SCOTT P. FISHER, Warden of
Sandstone Correctional Inst.

    Respondent.

Civil No. 09-3312 (MJD/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.  BACKGROUND**

Petitioner commenced this action by filing a self-styled habeas corpus petition, a supporting memorandum, and an affidavit with several attached exhibits. Petitioner's submissions provide very little information about the background of this case. However,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

they do allude to several superceding indictments filed against him in 2003 in the United States District Court for the District of South Dakota. Petitioner's submissions indicate that he was charged with various federal controlled substance and firearm offenses, and that he received a 262-month federal prison sentence. This information coincides with the Eighth Circuit Court of Appeals' opinion in United States v. Winters, 411 F.3d 967 (8th Cir. 2005), cert. denied, 546 U.S. 1194 (2006).

According to Winters, Petitioner entered into a plea agreement in the District of South Dakota, by which he entered guilty pleas in two separate criminal cases. In one case, Petitioner pled guilty to being a felon in possession of a firearm, and in the other case he pled guilty to conspiring to distribute 5 kilograms or more of a substance containing cocaine. 411 F.3d at 970. Petitioner was given a 262-month sentence for his cocaine conviction, and 51-month sentence for his felon-in-possession conviction, to be served consecutively. Id. at 971.

Petitioner challenged his sentence on direct appeal in Winters, supra, but the Court of Appeals rejected all of his claims, and affirmed the judgment entered against him in his criminal case. Id. at 976. Petitioner's current submissions do not indicate whether he ever filed a post-conviction motion under 28 U.S.C. § 2255, or whether he pursued any other court proceedings after his conviction and sentence were upheld on direct appeal.

Petitioner's current habeas corpus petition presents several new challenges to his South Dakota federal criminal conviction and sentence. Petitioner seems to be contending that his conviction and sentence should be vacated because of an alleged lack of jurisdiction. As far as the Court can tell, Petitioner is claiming that the trial court lacked jurisdiction because he is a Native American. Petitioner has not presented a clear and

2

cogent explication of his claims, but he obviously believes that the charges and convictions at issue in this case are somehow precluded by certain alleged Indian Treaty rights. However, the Court finds that Petitioner's current challenges to his South Dakota federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von

3

Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal criminal conviction in the District of South Dakota. He claims that his conviction should be vacated, because the trial court lacked jurisdiction in the federal criminal case brought against him. Because Petitioner is directly challenging the validity of his conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because the applicable one-year statute of limitations has expired.[2] Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and

---

[2] 28 U.S.C. § 2255(f) provides that a § 2255 motion normally must be brought within one year after a defendant's criminal conviction becomes final on direct review. In this case, Petitioner's conviction became final on direct review on February 21, 2006, when the United States Supreme Court denied his petition for a writ of certiorari. The applicable statute of limitations expired one year later, on February 21, 2007. Thus, it is now much too late for Petitioner to file a § 2255 motion.

If Petitioner previously filed a § 2255 motion, (although his current submissions do not indicate that he did so), then the rules restricting second or successive § 2255 motions would also bar Petitioner from seeking relief under § 2255 at this time. See 28 U.S.C. § 2255(h).

attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Furthermore, it clearly appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute. He apparently believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his South Dakota federal criminal conviction in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the one-year statute of limitations. That reasoning must be rejected.

The one-year statute of limitations would be rendered meaningless if any prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the statute of limitations to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims before now. In fact, he has had two such opportunities. First, he could have raised his current claims in his direct appeal immediately after he was convicted and sentenced, and second, he could have filed a timely § 2255 motion. Petitioner cannot now contend that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims for relief on direct appeal or in a § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").[3]

As the Court of Appeals pointed out in Abdullah –

---

[3] The Court of Appeals' decision in Winters indicates that Petitioner's plea agreement included a waiver of his right to appeal certain issues. Winters, 411 F.3d at 970. If that waiver barred Petitioner from raising his current claims for relief in a timely § 2255 motion, he might believe that the waiver caused § 2255 to be an inadequate or ineffective remedy. But waiving the right to use the remedy provided by § 2255 does not cause the remedy itself to be inadequate or ineffective. See Adams v. Samuels, No. 6:05-689-DCR (E.D.Ky. 2006), 2006 WL 695250 at *3 ("the fact that a petitioner has waived his right to direct appeal and his right to challenge his sentence under § 2255 would not entitle that petitioner to habeas relief under § 2241").

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable here for any of Petitioner's current claims. He had an adequate procedural opportunity to raise his claims before, and he is therefore barred from bringing them now in a § 2241 habeas corpus petition.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his federal criminal conviction in the District of South Dakota; (2) any such challenge must be raised in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the applicable one-year statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy);

7

Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: November 24, 2009

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 9, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.